Good morning, Your Honors. Guy Rohl on behalf of the plaintiff and appellant Harry DePrins. In this case, I think the answer to resolving this case is amazingly simple. It's just whether or not the motion filed by my client that was captioned as a motion to correct mistake arising from oversight or omission under Rule 60A, whether or not it in fact was a motion, a Rule 60A motion or not. If it is, then I think it renders the appellee's argument pretty much irrelevant. And if it is not, then it renders our case. We will have found, you know, will be found we have not met the time for a Rule 59. I think the answer, how we get to the answer is just quickly reviewing the docket of the district court. Starting on January 11, docket number 12 is a motion from, and let me back up, there were two named defendants in this matter. One, and back up further, this case emanates from my client's parents were shot, executed, murdered by Donald Bellinger. He later committed suicide in the cases against his estate, and it also named his daughter and son-in-law as a defendant, the Clarks. On January 11, 2011, docket number 12, the Clarks filed a motion for summary judgment. A response was filed on February 10, 2011, docket number 15, and docket number 18 on February 28, the reply was filed. And again, the importance is that motion was filed by the Clarks. Later, on May 17, 2011, docket number 25, there was an order by the court substituting in the appellee, Michaelis, as the trustee or personal representative of the estate. And in that order on docket number 5, the court does state that he is substituted in for all further proceedings. My understanding, though, is that there were defendants that weren't really there at the time that got sort of pulled into this whole thing. The defendants were there. Again, I guess there's two set of defendants, the shooter, the father, and then the daughter and son-in-law. The daughter and son-in-law answered and filed their motion to dismiss in early 2011. There was confusion. Wasn't there a state and stuff? Correct. And there was, I guess there was a matter going on in probate court where there was a personal representative that was nominated by a creditor, and the state court ordered that that personal representative be changed. The magistrate dismissed against everyone, even the people that weren't there, right? Correct. And even the people, and it was dismissed, and that is the genesis of our Rule 68 motion. It was dismissed, and that is docket number 30 on July 28. It was, the language in there is that it was dismissed, that the case is dismissed. Is there any dispute that that was a mistake, that the entry of the order was simply wrong? Certainly not on our part. That is why the appellees are here. Do they claim that that was what was actually intended by the, I guess it was the magistrate? I don't want to answer for the appellees, but again, I would simply say that is the basis of their argument, and the basis of ours is they were not intended. They never answered. They never joined the motion to dismiss. They never filed their own motion to dismiss. They were not present at the oral argument, and even after this order dismissing the case, and later in September, several months after this order came out, the appellees filed an answer in this very matter. So I think it's clear from if, you know, just, you know, I don't want to divine or someone's intent, but if you just look at the docket, it would appear to me to be very clear that it was certainly a mistake. Even what's even more demonstrative of the trial court's intent was on July 26th and July 27th, dockets number 2829, the orders, he's asking for a very specific, the first order asks for counsel to prepare, be prepared to address with particular regard to plaintiff's argument that the parents of a non-minor child have duty to warn third parties of danger from this child. He later corrected it that it was not the parent, but it was actually that the children of a parent need to warn. So the judge, the district court judge, focused the argument on the Clark defendants, and again, at this time, the estate or the Bellinger defendants, the appellees here, were not even a part of that motion. So our argument is to allow this motion to stand would be a, go against the due process of my client. He has never had his day in court, if you will, against his shooter. Counsel, would you give me your comments on the case of American Iron Works and Erectors versus North American Construction Company? Are you familiar with that case? I am not, Your Honor. I apologize. Okay. This is at 248 Fed Third 892, and it's one of our cases, 2001. My understanding of the case is it indicates that we're a Rule 59e motion. It's filed past the deadline. It is properly construed as a 6db motion. I gather you would agree with that. Well, I would, and although I would argue that it doesn't have relevance here because we did not file a Rule 59e motion, and I think that is another mistake, would be the second mistake that is certainly clear on the docket. And on January 24th of 2012, the docket number 45, the order from which, I guess one of two orders from which we're appealing, the Court states that the Rule 59, he refers to a Rule 59 motion when, again, if the motion that was filed was a two-page motion, in the caption it was a Rule 60a motion. In the body of it, it referred to Rule 60a language, and it simply was clarifying that there were defendants that were not a part of the motion for summary judgment or the motion for the trip. Is that specifically what you're asking this Court to do? We are asking that the Court reinstate the case as to the, well, essentially that the Court's overruling grant our Rule 60a motion, that it was clearly an omission or oversight of the district court to dismiss the case in its entirety when there were still defendants in that matter. So you're asking this Court to reverse the district court's denial of your motion to amend, and you're asking to vacate the clerk's final entry because there were other parties? Correct. And I just want to bring to your attention, it's a mistake. It was not a motion to amend, and I think that is part of the issue here, is that the court, the district court, through the docket, through administrative staffs, construed it as a motion to amend, which led to the Rule 59 language. It was a motion to correct a mistake. And so the mistake in reading the order, the order is defendants, motion for summary judgment is granted, case is dismissed, period. And in that order, it's very clear that the only appearances on behalf of the defendants were on, were from the clerks. What we would ask is this case is dismissed and add to it as to the defendant's clerk. And that would leave the estate, the case against the estate would then be reinstated, and we would proceed on that case, on that matter. All right. Do you want to preserve the balance of your time? Please. Thank you. Again, Your Honors, good morning. Gary Dukrich for the appellees. May it please the Court, the rules mean something, and Judge Duncan's discretion means something. Let's assume that's all true. For the moment, do you dispute the fact that the dismissal wasn't, as to your clients, was a mistake? Appellees are willing to concede that it is a colorable issue that it was a mistake. We will go that far. It might have been. If Mr. Rohl has given his request, and this is considered to be a Rule 60A motion, then appellant is dead in the water because the 60A motion cannot be used to grant the kind of relief that appellants have requested here. We cite a case for that in our brief. That's not a hard point of law. What might be a more interesting point of law is the American Erectors case that Judge Smith has cited. I'm not aware of that case, but I would like to take that on in terms of this being a potential 60B motion. The answer briefly there, first of all, we have to figure out what kind of a motion we're talking about. Are we talking about a 60B-1 motion for excusable neglect? Does that depend on the label? I mean, it's quite clear what relief he wanted. What difference does it make what number of the federal rule he put on it? Well, the relief determines what the motion is. And I'm actually talking about two different kinds of relief here. I think we're talking about 60B-1 and excusable neglect, but I'm willing to throw in, on behalf of Mr. Duprin's 60B-6, to be relieved from the errors of counsel. And under either of those situations, you don't get anywhere, because for 60B-1, let's take that one first. I suspect that's what Judge Smith was looking at. There isn't a case to be made here, or appellants have not made the case here, that would enable a 60B-1 motion for excusable neglect to be processed. If they were to have raised one, and Lord knows they could have, frankly, up to a year after the judgment, they would have, because they carry the burden, they would have had to identify what the neglect was and how it was excusable. That would include factors such as why they were late in bringing their motion. And the reason for that is... So your position is it was what type of motion? Our position is it was a Rule 59 motion, and it was untimely. But I think that's where American Ironworks stands for the proposition. Even if the motion was an untimely 59E motion, the district court could have considered the motion under Rule 60B and reached its merits. And so that's why I'm now discussing 60B. I'm granting for purposes of argument that what we actually have is a 60B motion here for excusable neglect under 60B-1. And my argument there is you can't make that motion because there's a failure of carrying the burden, a failure of proof. It was incumbent upon the plaintiff to identify what he, the plaintiff, had done wrong, why he had done it wrong, and the other factors that had to be considered. Let's assume you're right for a minute. There's a certain appeal to that argument in 60A, which, of course, is kind of a mechanism. But it talks about that it allows, in quotes, allows for clarification and explanation consistent with the intent of the original judgment. And we don't really know on the record what the intent of the judge was, do we? No, we do not. So if you concede that this probably wasn't 59, wouldn't the proper thing be to send it back to the district judge to find out what the judge's intent was? I don't think we'd get that far under 60A because it is reversible error under the case we cite. I don't believe that's a Ninth Circuit case. But it's reversible error to try to use 60A to grant Rule 59 relief. This is not a question of changing the spelling of someone's name. This is a question of undoing it. Well, but the elephant in the room is that the action was dismissed as to all parties when there clearly were remaining defendants, but that's an error, whether it was an oversight or whether it was clerical. It was not an error, Your Honor, because there were no remaining defendants. There were only unserved defendants, and under the rule of this circuit and all circuits, the case was over at that point. We therefore fall to Rule 60 jurisdiction, and we have to obey and run by that rule. I recognize the equity here, the sympathy that everyone has for Mr. Duprin's, but I must remind the Court that hard cases make bad law. And if we are not to run roughshod over Judge Duncan's discretion, we must take care to play by the rules. Along those lines, I should also point out that Mr. Duprin's had ample opportunity to take care of this according to the rules. He had a year after entry of the judgment to make a proper Rule 60b1 motion. Frankly, he could have made that motion at the same time he issued the opening brief in this appeal. I am entertaining Judge Smith's notion that if we could reach a 60b1 motion, maybe we should try. That's fine. The problem is that motion is still the burden of Mr. Duprin's, and Mr. Duprin's burden has failed as burden because he didn't give the Court enough information to make a Rule 60b1 determination under the pioneer investment case of the Supreme Court, 507 U.S. 380. Let's take that as a given. I admire your advocacy on this, but the reality is you conceded there is a certain amount of equity involved here. Sympathy perhaps would have been a better word. Sympathy may be a better word. Colorable sympathy. Colorable sympathy. I will concede that, Your Honor. Yeah. If you get the 68 concept of the intention of the judge, you send it back to the judge, doesn't the judge have the discretion to allow the appellate here to come up with a new burden of proof? I know you say that really violates the rules, but since there's arguably equity involved here, what do you think of that concept? I don't think that equity overruns the rules, and I think 60a is a loser because you can't use 60a even with its discussing the intent of the judge. You can't use it for this purpose because the intent there has to do with whether I meant to say a or b in the name of the party. The relief that appellant is asking for here is to undo the substantive rights of the parties. We had a final judgment. It was over. Everyone who was in the case, the clerks, were released. We who were never in the case, never brought into the case. So to undo that, you can't get there through the mini-correction power of 60a. I will concede, if conceding is the order of the day, Your Honors, I will concede that this case could have been brought under 60b1. That motion could have been made. I'm not saying it's a winner. That would have actually obligated under the Ninth Circuit precedent, that would have obligated Judge Duncan to go through that certain analysis, the analysis of the pioneer investment, arguing the four factors plus some other. One of which, however, was why were you late? And there is nothing in the record, there's nothing in that two-page motion that would enable Judge Duncan to reach out, call it a 60b1, and figure out, balancing the factors, why and whether it's excusable that Mr. DePrins was late. And I'm just trying to think. Once you get there under 60b1, we can't require Judge Duncan to reach too far out. I don't think we can require Judge Duncan, keep in mind this is a discretion case, we can't require Judge Duncan to reach out and say, give me a better brief. He could have, he had discretion to, but if he chose not to, we can't say, no, it was reversible error for you not to ask for more information, for not to build Mr. DePrins's case for him. If it's a 60b1 motion, it's still Mr. DePrins's burden to put together enough facts and enough case, enough evidence from which Judge Duncan could have run the Pioneer Investment Factors test and then decided for himself, for Judge Duncan's own account, whether to Judge Duncan's discretion that merited reopening the case. Under any circumstances, even if you go the 60b1 approach, there was no proper measure of sufficient evidence that could have satisfied the four-factor test or anything close to it. But the court threw it out in untimeliness though, right? So did the court really get to that? The court, I will say the court did not in its ruling put that on the record that that was why. Because it said it was untimely, right? The court's stated basis for its ruling was that it was an untimely Rule 59 motion, which is a sufficient reason. But if we are to tag the court, to construe the court as required to look at this as a 60b, there's no reason to send it back. It would be futile to send it back because Mr. DePrins did not meet his burden. And there's no way if we send it back now, there's no way for the court, the court could not in reasonable discretion arrive at the fact that the four-factor test had been satisfied. Since then, of course. But if it went back and if it was timely, if it's reversed on that and it goes back and it's vacated, then the court could still say, if you didn't reach that, could still say there's no basis, right? If there was enough to send it back to the district court, the district court has discretion to go either way. That's correct. But because it was. But we're just deciding whether it was timely or not, correct? Correct. And as a Rule 60b-1 motion, it would have been timely, but only in the form that it was presented to the court. Again, what we would be saying if we sent it back is that Judge Duncan has a duty to reach out and replay it even after Mr. DePrins has made a 60b-1 motion that's facially and clearly deficient. And there's no duty on the part of the judge to go beyond what the litigant has supplied. So if we send it back on the timeliness issue, your point is simply that the district judge can do whatever he wants to. He doesn't have to give him more leeway to provide evidence. He can just say, you know, okay, I got it back here, but he didn't comply with the pioneer investment rules. He's out of here. I would say that's correct. I mean, I'm not saying that obviously the district judge's discretion is unfettered. For instance, in the presence of a reasonable 60b-1 motion, the district judge would be required to run through the pioneer investment factors. Judge Duncan wasn't required to do that here because there was nothing from which he could have run those factors. But he's certainly he has discretion, but he's not required to give Mr. DePrins another bite of the apple if Mr. DePrins has filed a timely but facially deficient Rule 60b-1 motion. I'd like to see that apple someday. A lot of people are taking bites of it, and we hear about it all the time. There's almost nothing left, Your Honor. I have warned about it many a time, but I'm not sure I've ever seen it either. And I would just throw in as well, because, again, everyone has sympathy for Mr. DePrins, under Rule 60b-6, if there's some concern that, you know, Mr. DePrins personally should be released from the bad acts or the malfeasance of his counsel, his prior counsel, you don't get there either because under the Ninth Circuit rule, basically unless your attorney abandons you and lies to you, then the client is charged with the negligence of his attorney. And here, missing the deadline by a few days wouldn't be enough to relieve Mr. DePrins personally of what Mr. Nielsen did. So you just don't get there. Thank you. Thank you, Your Honors. And, Your Honors, while we appreciate the sympathy of the appellees, I don't think we need it to get to an answer for our side. First, in the judgment on the — — seemingly graciously said he agrees this is a timeliness issue. If we treat this as being timely, you're still faced with a real problem on the favor of proof, are you not? If it's timely, then that takes care of the Docket 45, the January 24th judgment. Then we go back to the original motion of the 68 motion, the judgment in July. And in that case, it becomes — the issue becomes a due process. They say they were not parties, so when the case was dismissed, they get a free ride, they're out. But they were parties. In May, the court — They weren't served, were they? They had not — no, they had not been served, but the court — Under our case law, can't you dismiss an action without the involvement of people that have not been served? Well, I think there are — and I think they cited Pritchard. In other cases, we cited the Las Vegas case, where was there an intent for the case to continue? An intent on the part of what, the judge or on the part of the parties? In that case, I would assume it would have to be on the part of the judge. Okay, so that's the argument or the question I raised to your opposing counsel. You're saying that really it's up to the judge, then, under 68. We find out what the intention of the judge is. The judge says, no, no, I knew all of that. This is over. It's done. Then you're done, right? And in that case, then it is a different appeal. Then we look at the due process for — against their client as opposed to the clerk's. Are you, though — let's just assume that we were to say it was timely and that the court — that the court — we're not sure that the court didn't seem to express an intent, whether it was granting a final judgment as to parties that were not there. Let's just say that we say it's timely and we vacate and go back. You don't get the benefit of the time that's gone from then until now, do you? I mean, you're still judged on that day that you were there, right? As far as to the appellees? Well, as far as to showing that, you know, he was talking about what you would have to show in terms of your diligence and any — you know, if it goes back, the judge is looking at, okay, we're saying if we said it's timely, you have to hear the motion. You don't get to add behavior on that's gone — I don't know what day this occurred on specifically. I'm not looking at it right here. You don't get to say where you are today. You have to go back to that day, right? Absolutely. We would go back to the judgment in July. And it would be for the court — our question to the court, to the district court, is, you know, was there an intent to dismiss the appellees? And that was never answered. As you had pointed out, his ruling on the motion was a ruling on Rule 59 where he dismissed it for being untimely. The judge in that case never addressed the Rule 60A motion. But if you go back, if you go back, aren't you faced with the pioneer investment issue? You've got to come up with those four prongs. You've got to satisfy those four prongs to get relief. And I think when the court, on looking at its own action in addressing those, I think would — you know, I can't — That's saying what the — I don't care what they're going to do. Are you faced with that? Is that what the court has to look at? I don't know. I have not — you know, I have not read that case. I apologize. I have not studied it. So I feel a little remiss in answering without really — If, in fact, that case controls, and you do have to satisfy that, it would be, as my colleague points out, it's the evidence that was in the record at that time. You can't just manufacture or bring in new evidence that would have been prepared subsequent to that time. You live in the world you had at that point. The judge made a mistake in dismissing the matter based on timeliness alone. You get back in a different posture. You still have to meet your burden of proof, right? Absolutely. And I think if we were to, you know, answer — and that is our question is, on July 28th, when he dismissed the case, you know, if you want to stop the clock there, that's fine. There's really nothing that, you know, after that — We stop. That's what the rules do. I mean — Right. If the clock is stopped there, that is fine. And what — because what we are looking at with the district court is, you know, one would be the own court's — the court's own order two months prior where it included the appellees as parties. And to dismiss, then — and that's what I was stating. Then the question becomes, did the court really intend to dismiss them? And if they did, then I think there may be a due process, you know, understanding — You can have a bit of a problem with that due process argument if you just go under 60B. I mean, it's pretty well understood what the deal is there. You're going to have to find out what the intent of the judge is if you go back. But it is what it is. Right. And then if it's what you want so that it survives, you still have to meet the burden of proof, as has been pointed out. And if it's the burden of proof required under a pioneer investment, then you've got to meet that. And if you don't meet it, you're done and you're over and there's no due process left. You've had your due process. All right. Your time has expired. Thank you, Your Honor. For both of you. This matter will stand submitted as of today. And this court is in recess for the week.
judges: Korman, Callahan, Smith